COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Humphreys


WORLD COLOR RETAIL AND
 INSURANCE COMPANY OF THE STATE
 OF PENNSYLVANIA
                                        MEMORANDUM OPINION*
v.    Record No. 0059-00-4                 PER CURIAM
                                          MAY 16, 2000
BONNIE MAE PELZER-PUGLIESE


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Dana L. Plunkett; Semmes, Bowen & Semmes,
                P.C., on brief), for appellants.

                (James F. Green; Ashcraft & Gerel, on brief),
                for appellee.


     World Color Retail and its insurer (hereinafter referred to

as "employer") contend that the Workers' Compensation Commission

erred in finding that Bonnie Mae Pelzer-Pugliese (claimant) was

not terminated for cause while on selective employment, and,

therefore, did not forfeit her rights to compensation benefits.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  See Rule 5A:27.

                When a disabled employee is discharged
                from selective employment, the "inquiry
                focuses on whether the claimant's benefits
                may continue in light of [the] dismissal."
                An employee's workers' compensation benefits

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

will be permanently forfeited only when the employee's dismissal is "justified," the same as any other employee who forfeits her employment benefits when discharged for a "justified" reason.

Eppling v. Schultz Dining Programs, 18 Va. App. 125, 128, 442 S.E.2d 219, 221 (1994) (quoting Richmond Cold Storage Co. v. Burton, 1 Va. App. 106, 111, 335 S.E.2d 847, 850 (1985)). "The reason for the rule is that the wage loss is attributable to the employee's wrongful act rather than the disability." Timbrook v. O'Sullivan Corp., 17 Va. App. 594, 597, 439 S.E.2d 873, 875 (1994).

An employee's "wrongful act" is the linchpin for a "justified" discharge--one which warrants forever barring reinstatement of workers' compensation benefits. See Eppling, 18 Va. App. at 128-29, 442 S.E.2d at 221-22. Simply identifying or assigning "a reason attributable to the employee as the cause for his or her being discharged" is not sufficient to establish a forfeiture of benefits. Id. at 128, 442 S.E.2d at 221.

In ruling that employer's termination of claimant was not for "justified cause" such as to warrant a forfeiture of benefits, the commission found as follows:

> The claimant testified that she requested, to no avail, a repeat drug screen, because of what she believed to be a risk of a false positive based on her use of prescription drugs for her injury. She also adamantly denied any use of drugs or alcohol between the time of her injury and the drug screen. There was no evidence of any drug use other than the results of the drug

-

> screen. The results of the drug screen,
> however, were introduced by the employer
> through the claimant, who was unable to
> attest to their veracity or authenticity.
> The deputy commissioner also specifically
> found that the claimant's denial of drug use
> was credible. Accordingly, we find that the
> claimant's termination was not for
> "justified cause" such that her compensation
> benefits should be forfeited.

(Footnote omitted.)

The commission's findings involve mixed questions of law and fact reviewable on appeal. See Helmick v. Economic Development Corp., 14 Va. App. 853, 855, 421 S.E.2d 23, 24 (1992). However, we are bound by the commission's underlying findings of fact if credible evidence supports them.

Claimant's testimony and the testimony of her co-worker, Kevin O'Connor, provide credible evidence to support the commission's findings. As fact finder, the commission was entitled to conclude that claimant's testimony regarding her requests for a repeat test and her denial of any drug or alcohol use was credible. In addition, in light of the lack of any evidence attesting to the veracity or authenticity of the drug screen, the commission was entitled to give little probative weight to the results of the drug screen. Based upon the commission's factual findings, it could reasonably conclude that claimant was not terminated for a justified cause as required

-

for a termination of benefits.  Accordingly, we affirm the
commission's decision.

Affirmed.